NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000999
08-MAY-2012
08:02 AM

NO. CAAP-11-0000999

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SAINGOEN DAVIS,
Plaintiff/Appellant/Cross-Appellee,
v.
GARY W. VANCIL; MARK VAN PERNIS;
VAN PERNIS-VANCIL, a Law Corporation,
Defendants/Cross-Claim Plaintiffs/Appellees/Cross-Appellants,
and
NICHOLLE DAVIS,
Defendant/Cross-Claim Defendant/Appellee/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-01-352K)

ORDER DISMISSING APPEAL AND
CROSS-APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Plaintiff/Appellant/Cross-Appellee Saingoen

Davis's (Appellant Davis) appeal and Defendants/Cross-Claim

Plaintiffs/Appellees/ Cross-Appellants Gary W. Vancil, Mark Van

Pernis, Van Pernis-Vancil, a Law Corporation's, cross-appeal in

Appeal No. CAAP-11-0000999 from the Honorable Ronald Ibarra's November 21, 2011 judgment, because the November 21, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> [<u>I</u>]<u>f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." <u>A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so</u>: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all other claims, counterclaims, and cross-claims are dismissed</u>."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although the parties asserted multiple claims in this case, including Defendants/Cross-Claim Plaintiffs/Appellees/ Cross-Appellants Gary W. Vancil, Mark Van Pernis, Van Pernis-Vancil, a Law Corporation's, cross-claim against Defendant/Cross-Claim Defendant/Appellee/Cross-Appellee Nicholle Davis, we note that page 4 of the November 21, 2011 judgment expressly provides that "[t]his Final Judgment disposes of and dismisses all claims, counterclaims and cross-claims (except for Defendant Vancil, Van Pernis and VPV's cross-claim which may be resurrected after the Good Faith Appeal) against all parties in this case." Consequently, the November 21, 2011 judgment does not resolve the cross-claim, as the holding in Jenkins requires for an appealable judgment with respect to all claims that a circuit court disposes through a circuit court order. In addition, on February 24, 2012, the intermediate court of appeals entered a summary

disposition order in the parties' related appellate case in appellate court case number 30707 that vacated the circuit court's July 30, 2010 "Order Granting the Petition of Plaintiff Saingoen Davis for Determination of Good Faith Settlement" and remanded this case to the circuit court for further proceedings, as specified. The November 21, 2011 judgment neither resolves all of the parties' claims nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b), as the holding in Jenkins requires for an appealable judgment. Therefore, the November 21, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple-party/multiple-party case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, the appeal and cross-appeal are premature, and we lack appellate jurisdiction over the Appeal No. CAAP-11-0000999.

Accordingly, IT IS HEREBY ORDERED that the appeal and cross-appeal in Appeal No. CAAP-11-0000999 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 8, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-